IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA BOGASKI, ) | |
| ) | Civil Action No. 15 - 487 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| COUNTY OF ALLEGHENY, ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR NEW TRIAL**

**I. Summation**

For the reasons set forth below, Plaintiff's Motion for New Trial Pursuant to Fed.R.Civ.P. 59 (ECF No. 218) will be denied.

**II. Factual and Procedural History**

The parties are familiar with the facts of the case, which need not be restated in detail here. This case was filed by Complaint on April 12, 2015 (ECF No. 1), and Amended on July 6, 2015 (ECF No. 11). Plaintiff, who resigned from Defendant's employment with the filing of her Complaint, alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). More specifically, Plaintiff filed claims alleging a sexually hostile work environment, disparate impact, and constructive discharge. On the parties' Cross-Motions for Summary Judgment, this Court found that there were questions of material fact as to Plaintiff's hostile work environment and constructive discharge claims. ECF

No. 68. At the conclusion of trial, on November 20, 2017, the jury returned a verdict in Defendant's favor. ECF No. 215.

By her December 29, 2017 Motion for New Trial (ECF No. 218) and Brief in Support thereof (ECF No. 219), Plaintiff asserts that the jury verdict that she was not subject to sexual harassment at her place of employment was against the weight of the evidence and a miscarriage of justice, and that some evidence – specifically certain of Plaintiff's Facebook statements/postings - should not have been admitted at trial. ECF No. 219. Plaintiff also raises these contentions of error as to certain of the Facebook material: the prejudicial and improper admission of irrelevant Facebook material as character evidence, Defendant's closing argument references thereto, and the absence of a corrective jury instruction. ECF No. 219 at 6-16. Plaintiff raises three additional contended "errors of law": restricting Plaintiff's questioning of Defendant's employee Ms. Liebenguth, retaining a jury instruction on mitigation of damages, and admitting testimony of police detective Kelley. ECF No. 219 at 16-17.

### III. Applicable Standard

As noted above, Defendant has moved for a new trial pursuant to Federal Rule of Civil Procedure 59. Rule 59 states in relevant part as follows:

> Rule 59. New Trial; Altering or Amending a Judgment
>
> (a) In General.
>
> (1) ***Grounds for New Trial.***
> The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

Fed.R.Civ.P. 59(a).

The ordering of a new trial pursuant to Rule 59 is within the sound discretion of the district court. *Wagner v. Fair Acres Geriatric Ctr.,* 49 F.3d 1002, 1017 (3d Cir.1995). Reasons for granting a new trial include both grounds presently raised by Plaintiff, *i.e.*, verdicts which are against the weight of the evidence or prejudicial errors of law. *Klein v. Hollings,* 992 F.2d 1285, 1289-90 (3d Cir.1993). Taking the latter first, when the basis for the motion is an alleged error concerning the court's evidentiary rulings or jury instructions – that is, when it concerns a matter within the discretion of the trial court - a District Court must first determine whether an error was made during the course of the trial, and then determine "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.,* 709 F.Supp. 600, 601 (E.D.Pa.1989) (quoting Fed.R.Civ.P. 61), *aff'd,* 922 F.2d 184 (3d Cir.1990). Whether any error committed by the court was harmless is governed by Federal Rule of Civil Procedure 61.[1] Thus, "[u]nless a substantial right of the party is affected," a non-constitutional error in a civil case is harmless. *Linkstrom v. Golden T. Farms,* 883 F.2d 269, 269 (3d Cir.1989). "Absent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." *Montgomery County v. MicroVote Corp.,* 152 F.Supp.2d 784, 795 (E.D.Pa.2001).[2]

---

[1] "Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard errors and defects that do not affect any party's substantial rights." Fed.R.Civ.P. 61; *cf.* Fed.R.Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.").

[2] In *Bhaya*, the United States Court of Appeals for the Third Circuit explained that in reviewing a district court's decision to grant or deny a motion for a new trial, it must give substantial deference to the decision of the trial judge "'"who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart."'" *Bhaya,* 922 F.2d at 187 (quoting *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212 (1947)). "Particular deference" is appropriate where the decision for granting or denying a new trial was based on evidentiary rulings that are necessarily entrusted to the trial court's discretion. *See id. See also Link v.*

The United States Court of Appeals for the Third Circuit has further indicated that the District Court's discretion to grant a new trial is more limited when the alleged ground is that the verdict is against the weight of the evidence. *Greenleaf v. Garlock, Inc.,* 174 F.3d 352, 366 (3d Cir.1999). In this instance, new trials "'are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'" *Greenleaf,* 174 F.3d at 366 (quoting *Williamson v. Consol. Rail Corp.,* 926 F.2d 1344, 1353 (3d Cir.1991)); *EEOC v. Delaware Dep't of Health and Soc. Servs.,* 865 F.2d 1408, 1413 (3d Cir.1989). "[T]his stringent standard is necessary to ensure that a district court does not substitute its judgment of the facts and credibility of the witnesses for that of the jury." *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1076 (3d Cir.1996) (citations omitted). The movant bears the burden of proof on a Motion for a New Trial. *Whelan v. Teledyne Metal Working Prods.,* 2006 WL 39156, at *7 (W.D.Pa.2006). And the party seeking a new trial must meet a high threshold in order to obtain this "extraordinary relief." *Ponzini v. PrimeCare Med., Inc.*, 2017 WL 3754787, at *87 (M.D. Pa. 2017) (quoting *Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 309 n.18).

## IV. Analysis

### A. Jury Verdict as Against the Weight of the Evidence

Plaintiff asserts that the "jury verdict in this matter is against the weight of the evidence, particularly due to prejudicial statements made by Defendant's counsel." Plaintiff's Brief in Support, ECF No. 219 at 2. As noted above, the jury entered a Defense verdict on the first

---

*Mercedes-Benz of N. Am., Inc.,* 788 F.2d 918, 921-22 (3d Cir.1986) ("Where a contention for a new trial is based on the admissibility of evidence, the trial court has great discretion.").

question: whether Plaintiff had "proven by a preponderance of the evidence that she was subject to harassment [in her employment] and that this harassment was motivated by [her] sex." ECF No. 215. This jury verdict does not meet the high "against the weight of the evidence" standard, as it neither resulted in a miscarriage of justice nor was conscience-shocking. To the contrary, notwithstanding Plaintiff's assertion that her testimony as to events during her employment was "proven by credible and unrebutted testimony", *id.* at 3, the jury in fact heard conflicting evidence as to many events, and duly made credibility assessments as to each witness, including Plaintiff. *See Ponzini v. Primecare Medical, Inc.*, 2017 WL 3754787, at *65 (M.D. Pa. 2017) ("Where evidence is in conflict and subject to two interpretations, the trial judge should be reluctant to grant a new trial."); *Rhoades, Inc. v. United Air Lines, Inc.*, 340 F.2d 481, 485–86 (3d Cir.1965) ("[T]he mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner; because to require such belief would be to give a quantitative and impersonal measure to testimony'…. [T]he trier of fact, whether the issue be one of an excessive or inadequate verdict, is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which does not convince the trier of its merit."); *id.* (holding that where jury might have rationally weighed factors in evidence in reaching its decision, rejection of some uncontradicted testimony fell within bounds of reason).

Moreover, as Defendant correctly observes, to prevail on Question 1 of the verdict slip, Plaintiff had to prove by a preponderance of the evidence that she was subjected to the alleged intentional and gender-motivated conduct, and that management level employees knew or should have known of the conduct. Plaintiff was also required to prove that the conduct was not welcomed, was so severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive, and that Plaintiff herself believed her work environment to be hostile or abusive. Defendant's Response in Opposition, ECF No. 222 at 4-5. As well explicated in

5

Defendant's Response in Opposition, the jury heard conflicting evidence and made credibility determinations as to each witness's testimony in determining whether and in what circumstances (*e.g.,* intentionality, motivation) conduct occurred and management had knowledge thereof. ECF No. 222 at 5-12, 19-24. Plaintiff misplaces reliance on *Spain v. Gallegos*, 26 F.3d 438 (3d Cir. 1994), in support of her assertion that the verdict was a miscarriage of justice because evidence that Defendant's employee Ms. Lord "heard rumors spread by Plaintiff's co-workers, accusing her of using her looks to get her way with her supervisor" was sufficient as a matter of law to constitute harassment. ECF No. 219 at 4. In *Spain*, the Court of Appeals for the Third Circuit held that the trial court erred in failing to admit plaintiff's evidence regarding rumors of a sexual relationship purposefully created by her supervisor and perpetuated for several years to conceal private meetings regarding his illicit procurement of loans from plaintiff. The Court held that such evidence was probative and relevant, that Plaintiff had met the elements of her *prima facie* case, and material fact questions remained as to whether such rumors developed and persisted as a result of the supervisor's conduct, therefore those questions should have been presented to the jury, which could have reasonably found in plaintiff's favor. 26 F.3d at 447-551. Accordingly, this holding does not support Plaintiff's assertion. *See also* ECF No. 222 at 12-14.

Plaintiff also contends the verdict was against the weight of the evidence because the Defendant engaged in "overly prejudicial use of improper, otherwise-irrelevant character evidence", thus likely impacting the jury determination. ECF No. 219 at 2. This goes to aspects of the trial including Plaintiff's burden to prove her experience of workplace conduct as unwelcome and hostile or abusive.[3] *See, e.g.,* Defendant's Response in Opposition, ECF No.

---

[3] The existence of conflicting evidence and credibility determinations as to Plaintiff's evidence on the element of conduct so severe or pervasive that a reasonable person would find the workplace hostile or abuse is well set forth in Defendant's Response in Opposition, ECF No. 222 at 15-17.

6

222 at 8-9, 17-19. As Defendant notes, the jury heard conflicting evidence from several witnesses on these elements, including evidence of Plaintiff's own related/probative statements and conduct in the workplace. ECF No. 222 at 17-19. It also heard evidence of Plaintiff's Facebook entries expressing her "subjective views about her workplace" and co-workers. *Id.* at 18.

Plaintiff asserts that in addition to admittedly probative Facebook posts, Defendant introduced, and referenced in closing argument, unprobative and irrelevant Facebook posts used solely for the improper purpose of "attack[ing] Plaintiff's character and suggest[ing] that she was the kind of person who goes unoffended by the use of foul language" and the inclusion of such character evidence in violation of F.R.E. 404(a) was so prejudicial as to warrant a new trial because it induced a verdict against the weight of the evidence. ECF No. 219 at 5-9.[4] As Plaintiff's counsel readily and repeatedly acknowledges, however, he "failed to timely object to the Defendant's admission" of these documents. *Id.* at 8.[5]

---

[4] Plaintiff also cites admission of a Facebook post that Plaintiff "wanted to 'throat punch'" someone when she "was having a bad day". *Id.* at 7.

[5] Plaintiff provides no legal authority for the assertion that "having the Facebook statements admitted into evidence does not open the door to impermissible use of that evidence", a statement which seems to misunderstand fundamentals of procedures for objection and admission. *Id.* at 8. Statements and citations regarding the basis for preclusion of character evidence are inapposite in the trial history of this case. *Compare id.* 8-9. As are recitations of the bases of the asserted irrelevance and "sour[ing]" effect of the posts admitted without objection. *See id.* 6-7.

Plaintiff's assertion that the verdict was also a miscarriage of justice because Defendant should "not escape liability" for "its failure to train and direct its supervisors" owing to her counsel's "lack of foresight" and "fail[ure] to timely object" to the admission of certain Facebook posts is similarly misguided. ECF No. 219 at 9-10. The jury verdict was for the Defendant on Question 1; it found that Plaintiff had not proven sexual harassment in employment. The forthright recitation, provided in Plaintiff's Brief in Support, of counsel's repeated litigation representation with something perhaps short of full diligence and attentiveness does not provide this Court grounds, in the sound exercise of discretion, to set aside the jury verdict under the facts and

7

As Defendant notes and the trial record documents, the jury could reasonably have reached the same conclusion with or without this Facebook evidence, and the verdict was not rendered against the weight of the evidence thereby. *Id.* at 19; *cf. Rhoades, supra.* Moreover, as discussed below, Plaintiff waived objection to the additional Facebook posts admitted (including foul language and sexual innuendo), with notice to counsel, at trial. *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 986 F. Supp. 2d 574, 603 (W.D. Pa. 2013), aff'd in part, vacated in part, rev'd in part, 807 F.3d 1283 (Fed. Cir. 2015) ("Generally, a party is not entitled to receive a new trial for objections to evidence that he did not make at or prior to the initial trial, even if they may have been successful.") (quoting *Ashford v. Bartz*, 2010 WL 272009, at *4 (M.D. Pa. 2010). *See also* discussion *infra*.

### B. Errors of Law in Matters Within Trial Court's Discretion: Certain Facebook Statements/Posts – Admission, Reference in Closing, Instruction

In addition to asserting an "against the weight of the evidence" basis for grant of her Motion for New Trial, Plaintiff now also objects that the legitimacy of the jury determination was called into question by several errors of law, including the absence of an instruction "on how to properly consider the Facebook evidence and/or statements made by the Plaintiff" and "not to

---

applicable standards of the case. Plaintiff is mistaken in urging the Court "where [her] claims were mostly substantiated at trial" to "reject a jury verdict which is potentially based upon the impact . . . of evidence of Plaintiff's character" introduced without objection. *Id.* at 10.

8

consider the irrelevant character-related and hearsay statements." *Id.* at 11.[6] Significant to this claim, however, is the fact that Plaintiff never requested any jury instruction as to this issue.[7]

Neither an assertion of error in instruction as effecting entitlement to a new trial, nor either of Plaintiff's alternative grounds of "substantial error" in the admission and use of the subsequently-contested Facebook material are well-founded. To the contrary, Plaintiff's heading protestation in Plaintiff's Brief in Support Section III(A), *i.e.* that she "had no reasonable notice of Defendant's" inclusion of these materials "prior to trial", is belied by the record and by Plaintiff's own recitation of the facts. *See* ECF No. 219 at 11-15 (recounting that Defendant's November 8, 2017 Final Pretrial Statement identified a voluminous exhibit of Plaintiff's

---

[6] Although this portion of Plaintiff's Brief in Support raises objection which appears error-based, it is within Plaintiff's section heading "II. The Jury Verdict in This Matter is Against the Weight of the Evidence." ECF No. 219 at 2, 11. For clarity's sake, the Court therefore observes that Plaintiff's objections to the absence of her now-proposed instruction on Facebook material does not support a new trial on either a miscarriage of justice or conscience-shocking ground for reasons discussed, *supra*.

[7] *Cf.* ECF No. 222 at 29 (noting that Plaintiff waived "any post-trial challenge to this Court's failure to issue a jury instruction regarding the proper consideration to be afforded Plaintiff's Facebook posts" by her failure to request such instruction) (citing *Philadelphia Fast Foods v. Popeye's Chicken*, 647 F.Supp. 216, 228 (E.D.Pa. 1986)). *Cf. also United States v. Tiller,* 302 F.3d 98, 104 (3d Cir.2002) ("In evaluating contentions of error with regard to jury instructions, the relevant inquiry is 'whether the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury.'") (citing *Ayoub v. Spencer,* 550 F.2d 164, 167 (3d Cir.1977)); Fed.R.Civ.P. 51(d)(2). Federal Rule of Civil Procedure 51(d)(2) provides that "[a] court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." The United States Court of Appeals for the Third Circuit has stated that an alleged error will meet the plain error standard only if it "is fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a fundamental question and our failure to consider the error would result in a miscarriage of justice." *Fashauer v. New Jersey Transit Rail Operations, Inc.,* 57 F.3d 1269, 1289 (3d Cir.1995). Reversal for plain error "should only be invoked with extreme caution in the civil context," and is only appropriate "where the error is so serious and flagrant that it goes to the very integrity of the trial." *Id.* (citing *United States v. Carson,* 52 F.3d 1173, 1188 (2d Cir.1995)).

9

Facebook posts (Ex. VVV); on November 10th Defendant provided Plaintiff a USB flash drive containing "exhibits for use at trial" in which the Ex. VVV was now limited to "excerpts of certain pages"; and on the evening of November 11th Defendant emailed Plaintiff "with Defendant's Exhibit VVV, 12 pages of Facebook pages that it claimed were left off of the USB drive provided by counsel").[8] Where Plaintiff had notice and was in receipt of the specific material Defendant intended to use at trial, it behooved Plaintiff to acquaint herself with that material and raise objections thereto prior to and at the time of trial. There were a significant number of Motions in Limine filed by Plaintiff, none of which mentioned the issue of the Facebook postings. Under these circumstances, Plaintiff simply cannot be heard to assert that she "had no knowledge that Defendant had excerpted certain pages of Facebook content for introduction at trial" and was "given no opportunity to request redaction or to object to the irrelevant material", ECF No. 219 at 12, or was being "underhandedly" pressured "to endure prejudice rather than accept a mistrial", *id.* at 15-16.[9] As Plaintiff acknowledges, she made assumptions about rather than review Defendant's exhibit prior to and during trial, she "declared no objection" to the Facebook post admission and "was delayed in requesting relief". *Id.* at 13-14. *See* discussion *supra* at 2 (standard for grant of new trial on basis of error); 6-7 (weight of evidence and evidence for jury determination at trial; waiver). *See also* ECF No. 222 at 24 ("In

---

[8] *See also* ECF No. 222 at 24- 25 (noting that Plaintiff produced her Facebook posts during discovery, Plaintiff made no request for narrowing of Ex. VVV as originally identified by Defendant, Defendant subsequently provided narrowed selection on the USB flash drive and subsequent thereto an additional 12 pages by email); *id.* at 26 (observing, cogently, that "if Plaintiff did not know the contents of [the posts she produced], there is no one to blame but Plaintiff" and that "Plaintiff's counsel apparently did not bother to check" what Defendant provided).

[9] *Cf.* ECF No. 222 at 30 (noting that Plaintiff, after objecting to closing statements, "chose not to request a mistrial, and accepted this Court's remedy of issuing" a clarifying instruction).

this Circuit, a party who fails to object to errors at trial waives the right to complain about the following trial.") (citing *Waldorf*, 142 F.3d at 629); *id.* at 26-27 (noting that the circumstances of the case do not meet the "exceptional circumstances" of "manifest justice" under which Plaintiff might be granted a new trial on the basis of an admission made without objection) (citing *Burlington v. News Corp.*, 2016 WL 1221426 at *8).

### C. Other Alleged Errors of Law in Matters Within Trial Court's Discretion

Finally, Plaintiff asserts that the Court erred in: (1) restricting Plaintiff's questioning of Defendant's witness, Ms. Liebenguth (who testified as a fact witness regarding Plaintiff's interview), as to her "compliance with her ethical obligations" as an attorney where she was "openly assisting in trial preparation" and specifically the "closing presentation"; (2) retaining a "mitigating instruction in the damages section" which may have "improperly suggest[ed] that the Plaintiff may have failed to meet her burden as to liability by failing to mitigate damages" (although the jury never reached this issue); and (3) failing to entirely strike the testimony of Defendant's witness, Detective Kelley (who testified that he directed the County Police officers to perform additional passes of Plaintiff's work area) , for irrelevance, want of foundation, sufficient first-hand knowledge or fuller investigative role. ECF No. 219 at 16-17; ECF No. 222 at 31-32  As well set forth in Defendant's Response in Opposition, none of these assertions provide grounds for a grant of new trial under the applicable standard as there is patently insufficient suggestion of an error, let alone one "so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." *Bhaya*, 709 F.Supp. at 601(referencing Fed.R.Civ.P. 61).

### V. Conclusion

The Court finds that Plaintiff's Brief in Support of Motion for New Trial, ECF No. 219, provides clearly insufficient basis for its grant on grounds of a verdict against the weight of the evidence or a prejudicial error of law affecting substantial rights, and for the reasons above, Plaintiff's December 19, 2017 Motion for New Trial (ECF No. 218) will be denied in accordance with this Court's Order on this date.

Dated: March 26, 2018

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record